# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AMERICAN COMMERCE INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. CIV-07-423-SPS ) |
| JACKIE CRAIG HARRIS, | ) ) |
| Defendant. | ) |

## OPINION AND ORDER GRANTING/DENYING IN PART OKLAHOMA INSURANCE DEPARTMENT'S MOTION TO QUASH

The Plaintiff American Commerce Insurance Company ("ACIC") brought suit herein for a judicial declaration voiding insurance coverage for a fire loss incurred by the Defendant Jackie Craig Harris. ACIC notified the Oklahoma Insurance Department, which began an investigation. *See* 36 Okla. Stat. § 363(A) ("Any insurer who has reason to believe that a person or entity has engaged in or is engaging in an act or practice that violates any statute or administrative rule of this state related to insurance fraud shall immediately notify the Anti-Fraud Unit of the Insurance Department."). Harris attempted to discover the Department's file by issuing a subpoena, which the Department moved to quash. For the reasons set forth below, the Oklahoma Insurance Department's Motion to Quash Subpoena and Brief in Support [Docket No. 32] must be granted in part and denied in part.

The Department argues that its investigation file is both confidential and privileged under the Oklahoma Open Records Act ("ORA"), 51 Okla. Stat. § 24A.1 - § 24A.29, and the Oklahoma Insurance Code, 36 Okla. Stat. § 101 - § 7004. But while the file clearly is

confidential, *i. e.*, protected from disclosure to the public upon request, *see* 36 Okla. Stat. § 361(D) ("Records, documents, reports and evidence obtained or created by the Anti-Fraud Division as a result of an inquiry or investigation of suspected insurance fraud *shall be confidential and shall not be subject to the Oklahoma Open Records Act* or to outside review or release by any individual, but shall be subject to court order. Information and records shall be disclosed upon request to officers and agents of federal, state, county, or municipal law enforcement agencies, to the Oklahoma State Bureau of Investigation, to the Attorney General's office and to district attorneys, in the furtherance of criminal investigations.") [emphasis added]; *see also* 51 Okla. Stat. § 24A.5(1) ("All records of public bodies and public officials shall be open to any person . . . provided . . . [t]he Oklahoma Open Records Act . . . does not apply to records specifically required by law to be kept confidential[.]"), it is not protected from discovery by any evidentiary privilege. *See, e. g., Van Emrik v. Chemung County Department of Social Services*, 121 F.R.D. 22, 25 (W.D. N.Y. 1988) ("A non-disclosure or 'confidentiality' provision in a statute may not always create an evidentiary privilege, especially if the legislature did not 'explicitly create an evidentiary privilege.' Merely asserting that a state statute declares that the records in question are 'confidential' does not make out a sufficient claim that the records are 'privileged' within the meaning of Fed. R. Civ. P. 26(b)(1) and Fed. R. Evid. 501."), *quoting American Civil Liberties Union of Mississippi, Inc. v. Finch*, 638 F.2d 1336, 1339, 1342 (5th Cir. 1981) [internal citations omitted]. The ORA in particular distinguishes between matters that are both confidential and privileged and those that are merely confidential. *See, e. g.,* 51 Okla. Stat. § 24A.5 ("All

records of public bodies and public officials shall be open to any person for inspection, copying, or mechanical reproduction during regular business hours [except] records specifically required by law to be kept confidential including [those] protected by a state evidentiary privilege such as the attorney-client privilege, the work product immunity from discovery and the identity of informer privileges [and] records of what transpired during meetings of a public body lawfully closed to the public such as executive sessions authorized under the Oklahoma Open Meeting Act[.]"). The Insurance Code, on the other hand, refers only to matters that are confidential. The Court therefore concludes that the Department's investigation file is confidential but not privileged.

"Parties may obtain discovery regarding *any nonprivileged matter* that is relevant to any party's claim or defense[.]" Fed. R. Civ. P. 26(b)(1) [emphasis added]. There is no argument here that the information contained in the Department's investigation file would be wholly irrelevant to Harris' bad faith claim. Nevertheless, the Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . limiting the scope of disclosure or discovery to certain matters[.]" Fed. R. Civ. P. 26(c)(1)(D). The Court finds that the risk of interference with an ongoing fraud investigation is good cause to protect the Department from annoyance or undue burden by limiting the Plaintiff's discovery of its investigation file to the fraud report submitted by ACIC in accordance with 36 Okla. Stat. § 363.[1]

---

[1] The Plaintiff apparently acknowledges that an ongoing investigation would warrant just such relief as the Court grants to the Department herein, *i. e.*, limiting discovery of the Department's investigation file to ACIC's fraud report. *See* Docket No. 33, ¶¶ 2-3. The Plaintiff also urges that

Furthermore, the Department need not produce even the fraud report unless the Plaintiff is unable to obtain it directly from ACIC. *See* Fed. R. Civ. P. 26(c)(1)(C) ("The court may, for good cause, issue an order to protect a party . . . including . . . prescribing a discovery method other than the one selected by the party seeking discovery[.]"). *See also* 36 Okla. Stat. § 306(C) ("A court shall quash any subpoena commanding the disclosure of confidential information or closed records of the Insurance Department absent a showing of justification for such disclosure."). ACIC supports the Department's motion to quash and would presumably object to producing its own copy of the fraud report (assuming it has retained one), but the confidentiality provisions of the Oklahoma Insurance Code do not appear to apply to anyone other than the Department itself.[2] ACIC *does* argue that disclosure beyond the Department would chill compliance with the statutory requirement to report suspected insurance fraud, but the Court finds this argument unpersuasive for two reasons. First, the reporting requirement is mandatory. *See* 36 Okla. Stat. § 363(A) ("Any insurer who has reason to believe that a person or entity has engaged in or is engaging in an act or practice that violates any statute or administrative rule of this state related to insurance fraud *shall immediately notify* the Anti-Fraud Unit of the Insurance Department.") [emphasis

---

"this matter be taken under advisement until the Oklahoma Insurance Department completes its investigation[,]" *see id*. at ¶ 3, although it is unclear whether he wants to defer all proceedings herein or only a ruling on the Defendant's motion to quash. The Court sees no reason to do either at this time.

[2] The Oklahoma Insurance Code does not, for example, explicitly forbid a reporting insurer from communicating with others about potential fraud it has reported to the Department; on the contrary, the Code expressly contemplates that this may occur. *See* 36 Okla. Stat. § 363(B) ("The immunity provided in this subsection shall not extend to any person, insurer, or agent of an insurer for communications or publications about suspected insurance fraud to any other person or entity.")

added]. Any chilling effect that disclosure would have on an insurer's compliance with the reporting requirement would therefore be balanced by the chilling effect that liability for failure to report would have on any non-compliance with the requirement. Second, the Oklahoma Insurance Code already provides far greater protection to a reporting insurer than mere confidentiality would provide: immunity from suit or criminal prosecution. *See* 36 Okla. Stat. § 363(B) ("In the absence of fraud, bad faith, reckless disregard for the truth, or actual malice, no person, insurer, or agent of an insurer shall be liable for damages in a civil action or subject to criminal prosecution for supplying information about suspected insurance fraud to the Anti-Fraud Division of the Insurance Department or any other agency involved in the investigation or prosecution of suspected insurance fraud.").

In summary, the Oklahoma Insurance Department's Motion to Quash Subpoena and Brief in Support [Docket No. 32] is hereby GRANTED in part and DENIED in part. ACIC shall provide the Plaintiff with a copy of the report it submitted to the Department regarding the fire loss at issue herein within ten days of this order, or notify the Plaintiff that it no longer has a copy of the report forthwith. The Department shall provide the Plaintiff with a copy of the report within ten days of notification that ACIC no longer has a copy.

**IT IS SO ORDERED** this 8th day of August, 2008.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**