# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AMERICAN COMMERCE INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. CIV-07-423-SPS<br>) |
| JACKIE CRAIG HARRIS, | )<br>) |
| Defendant. | ) |

## OPINION AND ORDER DENYING DEFENDANT'S
## MOTION FOR PARTIAL SUMMARY JUDGMENT

The Plaintiff American Commerce Insurance Company ("ACIC") filed this action pursuant to the federal declaratory judgment statute, 28 U.S.C. §§ 2201-2202, seeking a judicial declaration that a fraudulent fire loss claim submitted by the Defendant Jackie Craig Harris voided an insurance policy issued by ACIC. Harris counterclaimed for breach of the policy by ACIC and for bad faith. Harris moved for partial summary judgment in his favor on ACIC's fraud claim, arguing that any fraud in connection with the coverage for the contents of the home would not void coverage for the home itself. For the reasons set forth below, the Court finds that the Motion for Partial Summary Judgment and Brief in Support by the Defendant, Craig Harris [Docket No. 55] should be denied.

### A. BACKGROUND

On February 25, 2007, the Harris home and its contents were destroyed by fire. Harris made a claim for his loss under a homeowner's policy issued by ACIC. ACIC hired an outside adjustor to assist Harris in preparing an inventory of the contents of the home and

computed the actual cash value of those contents to be $120,521.19, which ACIC paid to Harris after subtracting the $1,000.00 deductible. ACIC also paid Harris $299,000, which it calculated to be the actual cash value of the home itself. Harris hired a public adjustor, recalculated the actual cash value of the contents to be $294,597.91, and demanded that ACIC pay him the difference between its calculation and his. Harris also objected to ACIC's calculation of the actual cash value of the home. ACIC hired a contractor to provide an estimate of the replacement cost of the home (but apparently not any recalculation of its actual cash value) and commenced an investigation of the increased claim by Harris as to contents. The investigation revealed what ACIC considered to be serious discrepancies between the value of the contents claimed by Harris and his financial ability to have acquired them. ACIC thereupon filed this action seeking to void the policy for fraud, and Harris counterclaimed for breach of contract and bad faith. ACIC moved for summary judgment voiding the policy for fraud, and for summary judgment on Harris's bad faith claim if the policy is not void for fraud as a matter of law. *See* Docket No. 59. This motion was denied by separate order entered contemporaneously herewith. *See* Docket No. 79. Harris moved for partial summary judgment on ACIC's fraud claim, arguing that any fraud in connection with the coverage for contents would not void coverage for the home itself. The Court will address the latter motion herein.

## B. DISCUSSION

The majority view is that fraud or false swearing in connection with a claim under an insurance policy voids the entire policy and prohibits any recovery thereunder. *See, e. g.,*

*Kerr v. State Farm Fire & Casualty Co.,* 731 F.2d 227, 229 (4th Cir. 1984) ("The law in the majority of jurisdictions in this country forbids recovery under an insurance policy upon a finding of misrepresentation, fraud or false swearing as to any portion of the covered property."). *See also Johnson v. South State Insurance Co.,* 288 S.C. 239, 242, 341 S.E.2d 793, 795 (1986) ("An overwhelming majority of jurisdictions hold that any fraud or misrepresentation as to any portion of property under an insurance policy voids the entire policy."). Although there is no authority directly on point, Oklahoma would appear to follow the majority rule. *See, e. g., Niagara Fire Insurance Co. v. Wilkerson,* 1930 OK 593, ¶ 30, 150 Okla. 123, 300 P. 686, 691 (coverages under a policy held severable where "[u]nder the stipulation any question of fraud or wrongdoing passe[d] out of the case.").

The most that can be said about the Oklahoma authorities cited by Harris is that insurance coverages are severable or divisible absent any fraud. Harris argues that these cases refer to fraud in the inducement, not fraud or false swearing in connection with a claim, *e. g.*, the alleged fraud obviated by stipulation in the *Niagara Fire* case, which was the failure to declare a lien when the policy was issued. *See* 1930 OK 593, ¶ 29, 300 P. at 691. But no Oklahoma authorities support such a distinction between categories of fraud, and public policy would seem to militate against it. *See, e. g., Astoria Quality Drugs, Inc. v. United Pacific Insurance Co.,* 163 A.D.2d 82, 83, 557 N.Y.S.2d 339, 340 (1990) ("We do not agree with the dissenter, who would hold that the policy provision dealing with misrepresentation deals solely with misrepresentations made in connection with the issuance of the policy, i.e., fraud in the inducement before the loss and thus not with misrepresentations made after the

loss. In declining to affirm, we note that as a matter of public policy, an insured should not be permitted to recover as a result of fraudulent conduct, which said conduct may also constitute a crime."). Further, the Oklahoma statute prescribing the appropriate language for a standard fire insurance policy clearly makes no such distinction. *See* 36 Okla. Stat. § 4803(G) ("This *entire policy* shall be void if, whether before or after a loss, the insured has willfully concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof, or the interest of the insured therein, or in case of any fraud or false swearing by the insured relating thereto.") [emphasis added].

The Court therefore finds that Oklahoma follows the majority rule, *i. e.*, fraud or false swearing in connection with any coverage under the policy voids the entire policy and not just the affected coverage. Consequently, the Motion for Partial Summary Judgment and Brief in Support by the Defendant, Craig Harris [Docket No. 55] should be denied.

### C. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that the Motion for Partial Summary Judgment and Brief in Support by the Defendant, Craig Harris [Docket No. 55] is **DENIED** pursuant to Fed. R. Civ. P. 56.

**IT IS SO ORDERED** this 13th day of January, 2009.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**