# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| AMERICAN COMMERCE INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CIV-07-423-SPS |
| JACKIE CRAIG HARRIS, | ) ) ) | |
| Defendant. | ) | |

## OPINION AND ORDER DENYING
## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

The Plaintiff American Commerce Insurance Company ("ACIC") filed this action pursuant to the federal declaratory judgment statute, 28 U.S.C. §§ 2201-2202, seeking a judicial declaration that a fraudulent fire loss claim submitted by the Defendant Jackie Craig Harris voided an insurance policy issued by ACIC. Harris counterclaimed for breach of the policy by ACIC and for bad faith. ACIC moved for summary judgment in its favor voiding the policy for fraud or in the alternative for summary judgment in its favor on the bad faith claim. For the reasons set forth below, the Court finds that the Plaintiff's Motion for Summary Judgment and Brief in Support [Docket No. 59] should be denied.

### A. BACKGROUND

On February 25, 2007, the Harris home and its contents were destroyed by fire. Harris made a claim for his loss under a homeowner's policy issued by ACIC. ACIC hired an outside adjustor to assist Harris in preparing an inventory of the contents of the home and computed the actual cash value of those contents to be $120,521.19, which ACIC paid to

Harris after subtracting the $1,000.00 deductible. ACIC also paid Harris $299,000, which it calculated to be the actual cash value of the home itself. Harris hired a public adjustor, recalculated the actual cash value of the contents to be $294,597.91, and demanded that ACIC pay him the difference between its calculation and his. Harris also objected to ACIC's calculation of the actual cash value of the home. ACIC hired a contractor to provide an estimate of the replacement cost of the home (but apparently not any recalculation of its actual cash value) and commenced an investigation of the increased claim by Harris as to contents. The investigation revealed what ACIC considered to be serious discrepancies between the value of the contents claimed by Harris and his financial ability to have acquired them. ACIC thereupon filed this action seeking to void the policy for fraud, and Harris counterclaimed for breach of contract and bad faith. Harris moved for partial summary judgment on ACIC's fraud claim, arguing that any fraud in connection with the coverage for contents would not void coverage for the home itself. *See* Docket No. 55. This motion was denied by separate order entered contemporaneously herewith. *See* Docket No. 78. ACIC moved for summary judgment voiding the policy for fraud, and for summary judgment on Harris's bad faith claim if the policy is not void for fraud as a matter of law. The Court will address the latter motion herein.

## B. DISCUSSION

ACIC contends that the evidence clearly demonstrates a financial inability by Harris to have acquired all of the property he claimed as contents of the home. But the Court finds

that there are genuine issues of material fact as to whether Harris committed any fraud (or false swearing) in connection with his additional contents claim, so ACIC is not entitled to judgment voiding the policy as a matter of law. *See, e. g., Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."). *See generally* Fed. R. Civ. P. 56(c) ("The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."). ACIC also contends that even if the policy is not voided for fraud, it litigated the issue in good faith and is therefore entitled to summary judgment on the counterclaim for bad faith. *See, e. g., Skinner v. John Deere Insurance Co.*, 2000 OK 18, ¶ 16, 998 P.2d 1219, 1223 ("Because disagreements can arise concerning the amount of coverage, cause of loss, and breach of policy conditions, the tort of bad faith does not prevent the insurer from resisting payment or resorting to a judicial forum to resolve a legitimate dispute."). But the Court finds that there are genuine issues of material fact on this claim as well, *e. g.*, whether claims submitted before discovery of the fraud dispute were handled in good faith. The Plaintiff's Motion for Summary Judgment and Brief in Support [Docket No. 59] should therefore be denied.

## C. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment and Brief in Support [Docket No. 59] is **DENIED** pursuant to Fed. R. Civ. P. 56.

**IT IS SO ORDERED** this 13th day of January, 2009.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**