# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AMERICAN COMMERCE INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. CIV-07-423-SPS<br>) |
| JACKIE CRAIG HARRIS, | )<br>) |
| Defendant. | ) |

## OPINION AND ORDER GRANTING PLAINTIFF'S
## MOTION TO EXCLUDE TESTIMONY OF DEFENDANT'S EXPERT

The Plaintiff American Commerce Insurance Company ("ACIC") filed this action pursuant to the federal declaratory judgment statute, 28 U.S.C. §§ 2201-2202, seeking a judicial declaration that a fraudulent fire loss claim submitted by the Defendant Jackie Craig voided an insurance policy issued by ACIC. Harris counterclaimed for breach of the policy by ACIC and for bad faith. Harris designated as an expert the licensed public adjustor who assisted him in the submission of his fire loss claim and submitted an expert witness report under Fed. R. Civ. P. 26(a)(2)(B). ACIC moved to exclude the adjustor's testimony pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993), and the Court held a *Daubert* hearing on January 14, 2009. For the reasons set forth below, the Court finds that the Plaintiff's *Daubert* Motion to Exclude the Testimony of Defendant's Expert Druce Wood and Brief in Support [Docket No. 52] should be granted.

The adjustor lists in his report the opinions he proposes to render on behalf of Harris during the trial of this matter: (i) the replacement cost and the actual cash value of the home

and personal property destroyed in the fire; (ii) the meaning of and compliance *vel non* with various policy provisions, statutes and insurance industry standards; and, (iii) bad faith by ACIC in handling the fire loss claim submitted by Harris. The Court finds that the adjustor's testimony should be confined to the first category of opinions.

The Court announced at the pretrial conference that it was inclined to exclude any opinion testimony by the adjustor as to bad faith because a well-instructed jury could capably determine bad faith on its own. *See, e. g., Thompson v. State Farm Fire & Casualty Co.,* 34 F.3d 932, 941 (10th Cir. 1994) ("And what we have already said as to the jury's competence to deal with the bad faith issue on its own confirms the discretionary power of the magistrate judge to bar testimony by the asserted expert"). Nothing presented at the *Daubert* hearing persuades the Court otherwise; indeed, it is now fairly clear that any expertise the adjustor may have in this regard is of a general nature. *See, e. g., City of Hobbs v. Hartford Fire Insurance Co.,* 162 F.3d 576, 587 (10th Cir. 1998) ("Though a proffered expert possesses knowledge as to a general field, the expert who lacks specific knowledge does not necessarily assist the jury."), *citing Broadcort Capital Corp. v. Summa Medical Corp.,* 972 F.2d 1183, 1195 (10th Cir. 1992). The Court therefore concludes that any opinion testimony by the adjustor as to bad faith should be excluded because it would not "assist the trier of fact to understand the evidence or to determine a fact in issue[.]" Fed. R. Evid. 702.

The Court also finds that any testimony by the adjustor as to the meaning of or compliance with policy provisions, statutes or industry standards should likewise be excluded. The *meaning* of any policy provision or applicable statute is a matter of law for

the Court (not any expert) to determine. Further, as with the issue of bad faith, a well-instructed jury is capable of determining on its own compliance with any statute or policy provision. Thus, any testimony by the adjustor on these points would not "assist the trier of fact to understand the evidence or to determine a fact in issue[.]" Fed. R. Evid. 702.

The Court *does* find, however, that the adjustor should be permitted to testify as to the assistance he provided to Harris in submitting his fire loss claims. Such testimony will of necessity include opinion evidence, as it was the adjustor who determined replacement cost value, applicable depreciation and actual cost value of the home and its contents for purposes of the fire loss claim submitted by Harris. It *is* worth noting in this regard that the disclosures contained in the adjustor's report are not sufficiently specific to satisfy the requirements of Fed. R. Civ. P. 26(a)(2)(B), and that the methodology employed by the adjustor to determine value is open to criticism as to reliability. But ACIC will be presenting much (if not all) of this evidence in support of its own fraud claim, and it can effectively cross-examine the adjustor about his opinions as to value, as the *Daubert* hearing amply demonstrated. Consequently, any opinion evidence inherent in the adjustor's testimony about the assistance he provided to Harris in submitting his fire loss claim need not be excluded.

At the end of the *Daubert* hearing, counsel for ACIC requested guidance from the Court as to the permissible scope of testimony by his own adjustor. It is unclear whether this request referred to ACIC's in-house adjustor or the outside adjustor engaged by ACIC to assist Harris in preparing his initial inventory of the contents of the home (or both). But either one may testify as to what was done and why, which will entail some opinion evidence

as to the value of Harris' home and its contents. The Court expresses no opinion, however, on the admissibility of any opinion evidence from the witnesses identified by ACIC as experts. Those witnesses have not been subjected to any *Daubert* challenge, and any opinions they offer will therefore be evaluated at the time of trial.

For the reasons set forth above, **IT IS HEREBY ORDERED** that the Plaintiff's *Daubert* Motion to Exclude the Testimony of Defendant's Expert Druce Wood and Brief in Support [Docket No. 52] is **GRANTED**.

**IT IS SO ORDERED** this 16th day of January, 2009.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**