# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AMERICAN COMMERCE ) | |
| INSURANCE COMPANY, ) | |
|                   ) | |
| Plaintiff, ) | |
| v.                ) | Case No. CIV-07-423-SPS |
|                   ) | |
| JACKIE CRAIG HARRIS, ) | |
|                   ) | |
| Defendant. ) | |

## OPINION AND ORDER GRANTING PLAINTIFF'S
## MOTION FOR FURTHER POST-JUDGMENT RELIEF

The Plaintiff American Commerce Insurance Company sued the Defendant Jackie Craig Harris for a judicial declaration voiding his homeowner's policy for fraud in a fire loss claim. Harris counterclaimed for breach of contract and bad faith. A jury found in favor of American Commerce, and the Court rendered judgment on the verdict declaring the policy void. American Commerce filed a post-judgment motion seeking further relief, *i. e.*, recovery of fire loss benefits paid to Harris before the fraud. *See generally* 28 U.S.C. § 2202 ("Further necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment."). For the reasons set forth below, the Court finds that the Plaintiff American Commerce Insurance Company's Motion for Further Post-Judgment Relief and Brief in Support [Docket No. 103] should be granted and that the judgment entered herein should be amended pursuant to Fed. R. Civ. P. 59(e) to include a money judgment against Harris in the amount of $448,607.78.

### A. Background

A fire destroyed Harris' home on February 25, 2007. He claimed loss under various provisions of his homeowner's policy, and American Commerce paid him $448,607.78, including separate "actual cash value" payments for the home and its contents. Harris hired a public adjuster to assist with an additional contents claim and urged American Commerce to reconsider its valuation of the home. American Commerce concluded that the additional contents claim violated the statutorily-mandated anti-fraud provision in the homeowner's policy and sued Harris to void the policy in its entirety. *See* 36 Okla. Stat. § 4803(G) ("This entire policy shall be void if, whether before or after a loss, the insured has willfully concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof, or the interest of the insured therein, or in case of any fraud or false swearing by the insured relating thereto."). Harris countersued American Commerce for breach of contract and bad faith for refusing to fully indemnify his losses under the policy. The Court overruled dispositive motions by both parties and submitted the entire case to a jury, which found that Harris did violate his homeowner's policy by submitting an additional contents claim that was fraudulent. The Court rendered judgment declaring the policy void, and American Commerce now seeks to recover the amounts it paid to Harris before the fraud.

### B. Analysis

American Commerce's primary contention is that the public policy behind 36 Okla. Stat. § 4803(G) mandates that Harris retain no benefits whatever under a homeowner's policy vitiated by fraud. Harris does not address this public policy argument but does contend that

that American Commerce cannot recover insurance benefits already paid because: (i) the only relief sought herein was declaratory relief, and a judgment for money damages is therefore inappropriate; (ii) a money judgment against Harris on a post-judgment motion would deprive him of a jury trial on the issue of damages; and, (iii) American Commerce is not entitled to recover benefits because it has not returned the premiums paid by Harris. These contentions are all without merit.

First, a party who obtains declaratory relief under Section 2202 may seek appropriate additional relief arising therefrom, *see* 28 U.S.C. § 2202 ("Further necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment."), even if he did not initially demand any additional relief. *See Gant v. Grand Lodge of Texas*, 12 F.3d 998, 1003 (10th Cir. 1993), *cert. denied*, 511 U.S. 1083 (1994) ("'[Section 2202] authorizes the court to grant relief that was not demanded or relief that was not even proved in the original declaratory judgment action.'"), *quoting* 10A C. Wright, A. Miller & M. Kane, *Federal Practice & Procedure*, § 2771, at 766-67 (2d ed. 1983). *See also* Fed. R. Civ. P. 54(c) ("Every other final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings."). Such additional relief may include monetary damages. *See*, *e. g.*, *Hudson v. Hardy*, 424 F.2d 854, 855 (D.C. Cir. 1970) ("[M]oney damages may, of course, be awarded in an action for declaratory judgment."), *citing* 28 U.S.C. § 2202; *see also Security Insurance Company of New Haven v. White*, 236 F.2d 215, 220 (10th Cir. 1956) ("It is not the primary function of the court in a declaratory

judgment proceeding to award damages. But the grant of power contained in section [2202] of the act is broad enough to vest the court with jurisdiction to award damages where it is necessary or proper to effectuate relief based upon the declaratory judgment rendered in the proceeding.") [citation omitted].

Second, awarding damages to American Commerce at this stage *would not* deprive Harris of any right to a jury trial. A jury has determined as a factual matter that Harris breached the insurance contract by committing fraud or false swearing, and the Court must now determine the legal effect of that breach, including whether American Commerce may recover the benefits it paid to Harris before the breach. *See, e. g., Johnson v. Allstate Insurance Co.*, 108 P.3d 1273, 1276 (2005) ("A court interprets a contract as a question of law. And the court, not the jury, decides questions of law, including 'the construction of statutes and other writings.' Here, Allstate's counterclaim and the Johnsons' claim encompassed the same basic issue: whether Allstate remained liable for the Johnsons' loss. This issue required a fact finder to decide whether the Johnsons intentionally concealed or misrepresented a material fact regarding their claim. When the jury answered yes, it remained for the court to interpret the contract based on the jury's finding.") [citations omitted]. And although a jury trial might be required if there were any dispute about the amount of benefits paid by American Commerce before the breach, *see, e. g., John A. Brown Co. v. Clause,* 1951 OK 171, ¶ 25, 235 P.2d 680, 685 ("What elements of damages are proper and measure of damages are questions of law, but generally the *amount* of damages is a question for the jury.") [emphasis added], *citing* 25 C.J.S. *Damages* § 176, there is no such dispute here;

American Commerce paid Harris a total of $448,607.78 under various provisions of the policy. *Cf.* Fed. R. Civ. P. 56 (c) ("[Summary] judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."). Simply put, there is nothing left here for a jury to decide, so Harris is not entitled to any further jury trial.

Finally, American Commerce need not refund Harris' premiums before recovering the benefits paid under the policy. Although an action to rescind the insurance contract for common law fraud might require the restoration of the premiums, *see, e. g.,* 15 Okla. Stat. § 233A, this was no such action; the insurance contract was clearly enforceable until Harris breached the provision prohibiting fraud or false swearing. American Commerce is not required to return Harris' premiums under such circumstances. *See*, *e. g.*, *Johnson*, 108 P.2d at 1276-77 ("Allstate put the policy into effect and insured the Johnsons against fire loss, absent their misrepresentation or concealment. When the Johnsons concealed and misrepresented material facts regarding their loss, they voided their coverage. . . . [T]he concealment and misrepresentation occurred during the loss reporting period. Simply put, the contract was valid when entered, but later voided by the Johnsons' actions. Allstate was not required to tender back premium payments."). Thus, the only question remaining here is whether American Commerce is entitled to recover the benefits paid to Harris under the policy.

All standard fire insurance policies issued in Oklahoma must contain, *inter alia*, the following provision:

> This entire policy shall be void if, whether before or after a loss, the insured has willfully concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof, or the interest of the insured therein, or in case of any fraud or false swearing by the insured relating thereto.

36 Okla. Stat. § 4803(G). American Commerce contends that allowing Harris to retain any benefits under his homeowner's policy would frustrate the public policy underlying Section 4803(G), *i. e.*, the prevention of fraudulent insurance claims. American Commerce further contends that holding the insurance policy void as of the date of the loss and requiring Harris to return all benefits received on the loss would best advance this public policy. *See, e. g., Chaachou v. American Central Insurance Co.*, 241 F.2d 889, 892-93 (5th Cir. 1957) (noting that anything less than complete forfeiture "would mean that the assured's claim would then stand as though no dishonest acts whatsoever had been practiced.").[1]

As the Court has previously determined, Oklahoma appears to follow the majority rule that any fraud or misrepresentation under an insurance policy voids all coverage under the policy. *See, e. g.*, *Long v. Insurance Co. North America*, 670 F.2d 930 (10th Cir. 1982) (noting the "false swearing" provision in Section 4803(G) and holding that all coverages are voided by fraud in the claims process). *See also Niagara Fire Insurance Co. v. Wilkerson*,

---

[1] The Court declines to reach the question of when Harris' homeowner's policy became void because it is unnecessary to do so. The remedy is the same regardless, *i. e.*, American Commerce is entitled to recover the benefits paid to Harris on the loss because of Harris' breach of the anti-fraud provision.

1930 OK 593, ¶ 30, 300 P. 686, 691 (coverages under a policy held severable where "[u]nder the stipulation any question of fraud or wrongdoing passe[d] out of the case."). That is also the law elsewhere in this circuit. *See*, *e. g.*, *American Diver's Supply and Manufacturing Corp. v. Boltz*, 482 F.2d 795, 798 (10th Cir. 1973) ("The penalty for attempted fraud in an insurance case where a fraud clause exits . . . is not simply forfeiture of the excess or inflated recovery amount but the voiding of all actual loss benefits as well."). *See also Transportation Insurance Co. v. Hamilton*, 316 F.2d 294, 296 (10th Cir. 1963) ("Where an insured knowingly and willfully over-estimates the value of the property destroyed in his proof of loss, with the intention to deceive the insurer, the policy is voided and the insured's right to recover thereon is defeated.") [footnote omitted].

Furthermore, the law of New York is persuasive because its anti-fraud provision was the genesis of Section 4803(G), *i. e.*, the Oklahoma statute is derived from the Arizona insurance code, which is in turn largely based upon the New York insurance code. *See Bank of the Lakes, Langley, Oklahoma v. The First State Bank, Ketchum, Oklahoma*, 1985 OK 81, ¶ 9, 708 P.2d 1089, 1091 ("It is a settled rule that where one state adopts a statute from another, it is presumed to adopt the construction placed upon that statute by the highest court of the other state.") [citations omitted]. *See also* 36 Okla. Stat. § 4803(G) (examining the legislative history). Under New York law, an insured may recover nothing of value for an actual loss under a policy if the insured has acted fraudulently. *See*, *e. g.*, *Saks & Co. v. Continental Insurance Co.*, 242 N.E.2d 833, 835 (N.Y. 1968) ("If it appears that a plaintiff has willfully and fraudulently placed in the proofs of loss a statement of property lost which

he did not possess, or has placed a false and fraudulent value upon the articles which he did own, he is not entitled to recover anything.") [citations omitted]. New York thus follows the majority rule as well.

Other courts have addressed issues similar to the one at bar and concluded that an insured may not recover under a policy vitiated by his breach of the anti-fraud provision. For example, both the Eighth and Ninth Circuit Courts of Appeals have determined that the insurer is entitled to recover any money paid to the insured under the policy when it is determined that the policy is void due to the insured's misrepresentation, *see*, *e. g.*, *General Casualty Insurance Companies v. Holst Radiator Co.*, 88 F.3d 670, 672 (8th Cir. 1996) (upholding jury's verdict for insurer based on insured's violation of fraud clause and the recovery by the insurer of $70,000 of benefits already paid to the insured under the policy); *McCullough v. State Farm Fire & Casualty Co.*, 80 F.3d 269, 273 (8th Cir. 1996) (finding insurer was entitled to recover any money paid to the insured under the insurance contract when fraud was involved); *Perovich v. Glens Falls Insurance Co.*, 401 F.2d 145, 147 (9th Cir. 1968) ("The insurance policy provides that it is void if the insured misrepresents any material fact. Perovich's misrepresentations voided the policy, and Glens Falls is entitled to recover the full payment made under the policy.") [internal citation omitted], *citing* 6 Appleman, Insurance Law and Practice § 4010, as have other federal and state courts. *See*, *e. g.*, *Parasco v. Pacific Indemnity Co.*, 920 F. Supp. 647, 657 (E.D. Pa. 1996) ("An insurer is . . . entitled to recover the money it paid to the insured under the policy, if it is later determined that the insured violated the fraud and concealment provision of the insurance

contract. . . . Pacific paid a total of $167,011.54 . . . as well as a $5,000 advance to the Parascos. Moreover, the Parascos are not entitled to collect under the policy by virtue of their breach of the fraud and concealment provision. Accordingly, we will award summary judgment to Pacific in the total amount of $172,011.54."), *citing Perovich*, 401 F.2d at 147; *Northwestern National Insurance Co. v. Barnhart*, 713 P.2d 1360, 1361 (Colo. Ct. App. 1985) (holding that the insurer was entitled to recover the entire amount paid on a claim when the insured violated the fraud clause); *Frontier Exploration, Inc. v. American National Fire Insurance Co.*, 849 P.2d 887, 893 (Colo. Ct. App. 1992) ("American presented evidence, and the jury found, that Frontier falsely represented or concealed certain material facts which induced American to pay $117,050-more than the $77,174.38 loss actually incurred. Therefore . . . American was released from its obligation, and it was appropriate for damages to include the entire $117,050 paid to Frontier.").

The Court finds that the public policy underlying Section 4803(G) would indeed be frustrated if Harris were allowed to retain the insurance benefits he received previously after a vain attempt to defraud American Commerce out of more. *See American Diver's Supply,* 482 F.2d at 798 ("The penalty for attempted fraud in an insurance case where a fraud clause exits . . . is not simply forfeiture of the excess or inflated recovery amount but the voiding of all actual loss benefits as well. [W]e cannot accept that this is too harsh a consequence in view of the insured's being put on notice and the alternative of encouraging 'an everything-to-win, nothing-to-lose proposition' for the insured."). Accordingly, the Court finds that American Commerce is entitled to recover from Harris the benefits paid before the

fraud, which total an undisputed $448,607.78. American Commerce is likewise entitled to relief pursuant to Fed. R. Civ. P. 59(e) to effectuate this recovery, and the Court will therefore enter an amended judgment incorporating a damages award in that amount in favor of American Commerce and against Harris.

### C. Conclusion

In summary, the Plaintiff American Commerce Insurance Company's Motion for Further Post-Judgment Relief and Brief in Support [Docket No. 103] is hereby GRANTED. Pursuant to Fed. R. Civ. P. 59(e), an amended judgment will be rendered contemporaneously herewith incorporating a damages award in favor of American Commerce and against Harris in the amount of $448,607.78.

**IT IS SO ORDERED** this 25th day of September, 2009.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**