# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AMERICAN COMMERCE INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Case No. CIV-07-423-SPS |
| JACKIE CRAIG HARRIS, | ) ) ) |
| Defendant. | ) |

## OPINION AND ORDER DENYING
## PLAINTIFF'S MOTION FOR ATTORNEY FEES

The Plaintiff American Commerce Insurance Company sued the Defendant Jackie Craig Harris for a judicial declaration voiding his homeowner's policy for fraud in a fire loss claim. Harris counterclaimed for breach of contract and bad faith. A jury found in favor of American Commerce, and the Court rendered judgment on the verdict declaring the policy void. American Commerce seeks recovery of its attorneys' fees. For the reasons set forth below, the Court finds that American Commerce Insurance Company's Motion for Attorney Fees and Brief in Support [Docket No. 105] should be denied.

The facts are not in dispute. A fire destroyed Harris' home on February 25, 2007. American Commerce initially paid Harris a total of $448,607.78, including separate amounts for the actual cash value of his home and its contents. Harris submitted an additional claim as to contents with the help of a public adjuster. American Commerce investigated the claim, determined that it breached the policy provision prohibiting fraud or false swearing and sued for a judicial declaration voiding the policy. Harris counterclaimed for breach of contract

and bad faith. A jury returned a verdict in favor of American Commerce, and the Court rendered judgment thereon declaring the policy void. American Commerce now seeks an award of attorneys' fees in the amount of $111,323.00 pursuant to 36 Okla. Stat. § 3629(B) or 28 U.S.C. § 2202. Harris does not dispute the reasonableness of the amount claimed but *does* contend that American Commerce should not recover attorneys' fees herein.

American Commerce initially contends that as the prevailing party, it is entitled to recover its attorneys' fees incurred herein under the Oklahoma Insurance Code, which provides in pertinent part as follows:

> It shall be the duty of the insurer, receiving proof of loss, to submit a written offer of settlement or rejection of the claim to the insured within ninety (90) days of receipt of that proof of loss. Upon a judgment rendered to either party, costs and attorney fees shall be allowable to the prevailing party. For purposes of this section, the prevailing party is the insurer in those cases where judgment does not exceed written offer of settlement. In all other judgments the insured shall be the prevailing party.

36 Okla. Stat. § 3629(B). Harris argues that American Commerce is not entitled to recover attorneys' fees under Section 3629(B) because it failed to comply with the statute, *i. e.*, American Commerce did not submit an offer of settlement or reject Harris' additional claim within ninety days of receiving it. American Commerce argues there was no obligation to respond to Harris' fraudulent claim and that failure to do so is therefore no bar to recovery of attorneys' fees. The Court does not agree.

Under Section 3629(B), an insurer prevailing in litigation with an insured may recover attorneys' fees *only if* it tendered a written settlement offer or rejected the insured's claim within ninety days of receipt. *See, e. g., Spears v. Shelter Mutual Insurance Co.*, 2003 OK

66, ¶ 13, 73 P.3d 865, 870 ("[O]ne of the stated prerequisites within § 3629(B) is that the insurer 'submit a written offer of settlement or rejection of the claim to the insured within ninety (90) days of receipt' of a proof of loss. In this case, defendant's motion for attorney's fees did not demonstrate that defendant submitted a written offer of settlement or rejection of the claim to plaintiffs within ninety days of receipt of a proof of loss."). *See also Oulds v. Principal Mutual Life Insurance Co.*, 6 F.3d 1431, 1445 (10th Cir. 1993) ("[T]he insurer who fails to make an offer of settlement within ninety days cannot recover its fees from the insured."), *citing Shinault v. Mid-Century Insurance Co.*, 1982 OK 136, ¶ 4, 654 P.2d 618, 619 ("36 O.S. 1981 § 3629 imposes the loss of any chance for attorney fees on the insurer as a sanction for the failure to respond within ninety days of its receipt of Proof of Loss."); *Cales v. Le Mars Mutual Insurance Co.*, 2003 OK CIV APP 41, ¶ 12, 69 P.3d 1207, 1209 ("Insurer did not comply with § 3629(B) because it did not 'submit a written offer of settlement or rejection of the claim to the insured' within 90 days after Cales presented Insurer with the supplemental proof of loss, following the first denial of the claim. Once it is determined that Insurer has breached the terms of § 3629(B), we hold *Shinault* . . . applies and Insurer has waived its right to an attorney's fee under that statute."). American Commerce argues that no response to Harris' fraudulent proof of loss was necessary because it voided the policy, but this argument misses the point; whether or not any response was required, American Commerce cannot recover attorneys' fees under Section 3629(B) unless *there was* a response. The authority cited by American Commerce does not suggest otherwise. *See Association of County Commissioners of Oklahoma v. National American*

*Insurance Company*, 2005 OK CIV APP 44, ¶ 19, 116 P.3d 206, 212 ("Only after ACCO-SIG became legally obligated to pay amounts in excess of the self-insured retention, and had notified NAICO of that loss, could NAICO be in position to offer to settle ACCO-SIG's claims."). That case stands simply for the proposition that an *insured* may not recover attorneys' fees under Section 3629(B) unless the insured actually submits notice of a covered loss. *See id.* at ¶ 22, 116 P. 3d at 213 ("ACCO-SIG gave notice that claims had been filed against its members, but ACCO-SIG failed to give notice of a covered loss in *any* form, because the record indicates no loss covered by excess insurance had been determined at the time ACCO-SIG filed suit. . . . ACCO-SIG's notice that claims were pending against ACCO-SIG, while required to trigger coverage, was not sufficient to allow NAICO to comply with its Section 3629 duty to settle or reject the loss."). The Court therefore concludes that American Commerce may not recover attorneys' fees under Section 3629(B).

American Commerce also argues that it is entitled to recover its attorneys' fees herein as the prevailing party under the federal declaratory judgment statutes, which provide in pertinent part as follows:

> Further necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment.

28 U.S.C. § 2202. To support its argument that this provision authorizes an award of attorneys' fees in this case, American Commerce cites *Security Insurance Company of New Haven v. White*, 236 F.2d 215 (10th Cir. 1956), wherein the United States Court of Appeals for the Tenth Circuit affirmed the trial court's award of attorneys' fees as a measure of

damages under Section 2202. That case *does* stand for the proposition that attorneys' fees may be awarded under Section 2202 even where they are unrecoverable under state law, *see, e. g., Gant v. Grand Lodge of Texas*, 12 F.3d 998, 1003 (10th Cir. 1993), *cert. denied*, 511 U.S. 1083 ("[T]his court has specifically held that a court has the power in a diversity case to award fees as damages under section 2202 even though they are not recoverable under state law."), *citing Security Insurance*, 236 F.2d at 220 ("It is the law in Oklahoma that attorneys' fees are not recoverable as damages unless they are specifically provided for by contract or statute. But that inhibitory rule has application in a common law action for the recovery of damages for sums expended for attorneys' fees. This was not an action of that kind.") [citations omitted], but it is so factually distinguishable as to defy any application to *this* case. The Court is therefore unpersuaded that American Commerce should recover its attorneys' fees incurred herein under Section 2202.

In *Security Insurance*, an automobile liability insurer sought declaratory relief to avoid defending its insured in suits arising out an automobile accident. The trial court found that the insurer should have defended the insured and awarded damages to the insured's personal representative, including not only the defense costs the insurer should have paid but also the attorneys' fees incurred by the personal representative in the declaratory judgment action. The Tenth Circuit affirmed, reasoning that although "[i]t is not the primary function of the court in a declaratory judgment proceeding to award damages[,] the grant of power contained in [Section 2202] is broad enough to vest the court with jurisdiction to award damages where it is necessary or proper to effectuate relief based upon the declaratory judgment rendered

in the proceeding." 236 F.2d at 220 [citations omitted]. The *Security Insurance* court thus invoked the authority to award further "necessary and proper relief" under Section 2202 in order to fully compensate the insured's personal representative for the insurer's unjustified refusal to defend. *See, e. g., Mercantile National Bank at Dallas v. Bradford Trust Co.*, 850 F.2d 215, 218 n.9 (5th Cir. 1988) (noting that in *Security Insurance* "the insurance company, rather than honoring its contractual duty to defend, instituted a parallel action against the insured, asking the court to declare the contractual obligations of the parties. Attorney's fees were awarded because if not for the insurer's improper failure to defend, the insured would not have had to incur attorney's fees in either the principal litigation or in the declaratory judgment action."). *See also Patton v. The Denver Post Corp.*, 379 F. Supp. 2d 1114, 1117 (D. Colo. 2005) ("Where it is revealed in an action under § 2202 that the expenditure of fees was, in fact, necessary to secure relief that should never, legitimately, have been denied, there may be grounds under *Security Insurance* (or other authority, including 28 U.S.C. § 1927) for awarding the claimant those fees as having been necessarily incurred to enforce what has then been declared to have been her rights."). That rationale is clearly inapplicable here.

Nor can the Court discern any other rationale for exercising its discretionary authority to award attorneys' fees to American Commerce as an item of damages under Section 2202. *See, e. g.*, *Glenpool Utility Service Authority v. Creek County Rural Water District*, 1992 WL 37327, at *4 (10th Cir. Feb. 25, 1992) ("In this case we need not address whether § 2202 authorizes an award of attorneys' fees. Even under a statute clearly authorizing an award of attorneys' fees, such as 42 U.S.C. § 1988, the decision is committed to the district court's

discretion and is reviewed on appeal for abuse of discretion. Assuming § 2202 authorizes an award, we cannot conclude that the district court here abused its discretion in denying attorneys' fees.") [unpublished opinion], *citing V-1 Oil Co. v. Wyoming, Department of Environmental Quality*, 902 F.2d 1482, 1489 (10th Cir.), *cert. denied sub nom. V-1 Oil Co. v. Gerber*, 498 U.S. 920 (1990). American Commerce need not have filed this declaratory judgment action in order to litigate Harris' breach of the policy provision prohibiting fraud or false swearing; it could simply have defended on that basis any suit brought by Harris to recover additional benefits under the homeowner's policy. American Commerce would not have been able to recover its attorneys' fees under that scenario because, as discussed above, it did not comply with 36 Okla. Stat. § 3629(B) by responding to Harris' additional contents claim within ninety days. The Court therefore finds that its discretion under Section 2202 would be best exercised by denying an award of attorneys' fees to American Commerce.

In summary, the Court finds that neither 36 Okla. Stat. § 3629(B) nor 28 U.S.C. § 2202 justifies an award of attorneys' fees under the circumstances of this case. Accordingly, American Commerce Insurance Company's Motion for Attorney Fees and Brief in Support [Docket No. 105] is hereby DENIED.

**IT IS SO ORDERED** this 25th day of September, 2009.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**